# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| NADYNE MCCLELLAN and WALTER MCCLELLAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:16-cv-1017-J-39JBT |
| OCWEN LOAN SERVICING, LLC, | ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, NADYNE MCCLELLAN and WALTER MCCLELLAN ("Plaintiff"), through their attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, OCWEN LOAN SERVICING, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiffs' First Amended Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

2. Count II of Plaintiffs' First Amended Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

### JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims arise under the laws of the United States.

4. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Defendant conducts business in San Mateo, Putnam County, Florida.

6. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiffs are natural persons residing in San Mateo, Putnam County, Florida.

8. Plaintiffs are consumers as that term is defined by the FCCPA.

9. Plaintiffs allegedly owe a debt as that term is defined by the FCCPA.

10. Defendant is a debt collector as that term is defined by the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiffs.

12. Defendant is a limited liability company based in West Palm Beach, Florida.

## FACTUAL ALLEGATIONS

13. Within four (4) years of Plaintiffs filing this First Amended Complaint, Defendant called Plaintiff NADYNE MCCLELLAN'S cellular telephone xxx-xxx-6315, and WALTER MCCLELLAN'S cellular telephone xxx-xxx-6905, to collect on Plaintiff NADYNE MCCLELLAN'S alleged debt.

14. All of the telephone calls Defendant made to Plaintiffs were an attempt to collect on Plaintiff NADYNE MCCLELLAN'S alleged debt.

15. None of the calls Defendant made to Plaintiffs were for an emergency purpose.

16. Within four (4) years of Plaintiff filing this First Amended Complaint, Defendant called Plaintiffs' cellular telephones from the following telephone number: 800-746-2936.

17. The following telephone number is Defendant's phone number: 800-746-2936.

18. In or around March 2016, Plaintiff NADYNE MCCLELLAN requested Defendant stop calling her cellular telephone.

2

19. Despite Plaintiff NADYNE MCCLELLAN'S request that Defendant stop calling her cellular telephone, Defendant continued to call her cellular telephone.

20. In or around August, 2016, Plaintiff WALTER MCCLELLAN began receiving constant calls on his cellular telephone from Defendant attempting to collect a debt from his mother, NADYNE MCCLELLAN.

21. In or around August, 2016, on more than one occasion, Plaintiff WALTER MCCLELLAN requested Defendant stop calling his cellular telephone.

22. Despite Plaintiff WALTER MCCLELLAN'S request, Defendant continued to place calls to his cellular telephone.

23. Prior to calling Plaintiffs' cellular telephones, Defendant knew the numbers were cellular telephone numbers.

24. All of the calls Defendants made to Plaintiffs' cellular telephones resulted in Plaintiff incurring a charge for incoming calls.

25. During at least one conversation, Defendant learned that Plaintiffs wanted Defendant to stop calling Plaintiffs' cellular telephones.

26. Even if at one point Defendant had permission to call Plaintiffs' cellular telephones, Plaintiffs revoked this consent.

27. Defendant continued to call Plaintiffs' cellular telephones after Defendant knew Plaintiffs wanted the calls to stop.

28. Within 4 years of Plaintiffs filing this First Amended Complaint, Defendant used an automatic telephone dialing system to call Plaintiffs' cellular telephones.

29. Within 4 years of Plaintiffs filing this First Amended Complaint, Defendant called Plaintiffs' cellular telephones in predictive mode.

30. Within 4 years of Plaintiff filing this First Amended Complaint, Defendant left pre-recorded voicemail messages for Plaintiffs on Plaintiffs' cellular telephones.

31. Within 4 years of Plaintiffs filing this First Amended Complaint, Defendant left voicemail messages from live operators for Plaintiffs on Plaintiffs' cellular telephones.

32. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to store telephone numbers.

33. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call stored telephone numbers automatically.

34. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call stored telephone numbers without human intervention.

35. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call telephone numbers in sequential order.

36. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call telephone numbers randomly.

37. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

38. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones simultaneously calls multiple consumers.

39. While Defendant called Plaintiffs' cellular telephones, Plaintiffs' cellular telephone lines were unavailable for legitimate use during the unwanted calls.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

40. Defendant violated the FCCPA based on the following:

4

   a.  Defendant violated the §559.72(7) of the FCCPA by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

WHEREFORE, Plaintiffs, NADYNE MCCLELLAN and WALTER MCCLELLAN, respectfully request judgment be entered against Defendant, OCWEN LOAN SERVICING, LLC, for the following:

41. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

42. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77, and

43. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. 559.77(2); and

44. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiffs repeat and re-alleges paragraphs 1-39 of Plaintiffs' First Amended Complaint as the allegations in Count II of Plaintiffs' First Amended Complaint.

46. Defendant's conduct violated the TCPA by:

   a.  Placing non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system and/or pre-recorded or artificial voice in

violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiffs, NADYNE MCCLELLAN and WALTER MCCLELLAN, respectfully request judgment be entered against Defendant, OCWEN LOAN SERVICING, LLC, for the following:

47. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiffs are entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).

48. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiffs are entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

49. Plaintiffs are entitled to and seeks injunctive relief prohibiting such conduct in the future.

50. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,



August 18, 2016                              By: /s/ Shireen Hormozdi_____
                                             Shireen Hormozdi
                                             Hormozdi Law Firm, LLC
                                             1770 Indian Trail Lilburn Road, Suite 175
                                             Norcross, GA 30093
                                             Tel: 678-395-7795
                                             Fax: 866-929-2434
                                             shireen@agrusslawfirm.com
                                             shireen@norcrosslawfirm.com
                                             Attorney for Plaintiff

## PROOF OF SERVICE

I, Samantha Craig, state the following:

I am employed in Chicago, Illinois.  I am over the age of 18, and am not a party to this action.  My business address is 4809 N. Ravenswood Ave., Suite 419, Chicago, IL, 60640.  On August 18, 2016, I served the following documents:

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

On the parties listed below:

Aliza Malouf
Hunton & Williams
1445 Ross Ave., Suite 3700
Dallas, TX 75202
amalouf@hunton.com

By the following means of service:

[X]   **BY MAIL:** I deposited the envelope in the mail in Chicago, Illinois.  The envelope was mailed with postage fully prepaid.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document was deposited with the U.S. Postal Service on this date with postage fully prepaid in Chicago, Illinois, in the ordinary course of business.

[X]   **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail address(es) listed above, which are the e-mail address(es) on file with the court's CM/ECF system.  I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]   **FEDERAL:** I declare under penalty of perjury under the laws of Illinois that the above is true and correct.

Executed on August 18, 2016.

By: _/s/ Samantha Craig_____
Samantha Craig